# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Stoss,<br><br>                    Plaintiff<br>v.<br><br>NCO Financial Systems, Inc.,<br><br>                    Defendant | FILED ELECTRONICALLY |

## **COMPLAINT**

### I. Introduction

1.   This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.   Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.   Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Richard Stoss, is a natural person residing at 157 Valley View Park, Dallas, PA 18612.

5. Defendant, NCO Financial Systems, Inc., ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 507 Prudential Rd., Horsham, PA 19044.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before August 27, 2009, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. Between August 27, 2009, and September 22, 2009, the Collector caused at least three (3) telephone calls ("*the Calls*") to be placed to phone number (570) 674-5767.

11. The aforementioned phone number was assigned to the address identified in paragraph 4 at all times relevant to this matter.

12. During each of *the Calls*, an employee of the Collector left a message ("*the Messages*") for Plaintiffs.

13. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

14. In one (1) of *the Messages,* the caller failed to disclose that the call was from a debt collector.

15. In that one (1) of *the Messages,* the caller failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

16. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

17. In all three (3) of *the Messages,* the caller failed to state the name of the Collector.

18. In all three (3) of *the Messages,* the caller failed to provide the meaningful disclosure of identity required by 15 U.S.C. § 1692d(6).

19. *The Calls* and *Messages* were attempts to collect the Account.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

### V. Demand for Jury Trial

20. Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

s/ Kenneth W. Pennington
Kenneth W. Pennington
Bar Number PA 68353
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email kpecf@bankruptcypa.com